# UNITED STATES DISTRICT COURT
# IN THE EASTERN DISTRICT OF MICHIGAN

Civil Action No. 2:11-cv-10756-PJD-RSW

CHERYL KENNEDY,
    Plaintiff,

-vs-

NCO FINANCIAL SYSTEMS, INC.
    Defendant.

| Law Offices of Nitzkin & Associates<br>Gary D. Nitzkin (P41155)<br>Attorney for Plaintiff<br>22142 W. Nine Mile Rd.<br>Southfield, MI 48033<br>(248) 353-2882 | COLLINS, EINHORN, FARRELL & ULANOFF<br>DEBORAH A. LUJAN (P46990)<br>Attorney for Defendant<br>4000 Town Center, Ste. 909<br>Southfield, MI 48075<br>(248) 355-4141 |
|---|---|

## ANSWER TO COMPLAINT
## AND AFFIRMATIVE DEFENSES

Defendant NCO Financial Systems, Inc. ("NCO") submits this, its Answer and Affirmative Defenses, in response to the Plaintiff's Complaint, and states as follows:

### JURISDICTION

1. NCO admits the allegations in ¶ 1 of the Complaint for jurisdiction purposes only.

2. The allegations in ¶ 2 of the Complaint are incomplete, incomprehensible, and insusceptible of meaningful answer, and therefore require no answer of NCO.

3. The allegations in ¶ 3 of the Complaint state a legal conclusion that requires no answer of NCO.

### PARTIES

4. NCO admits the allegations in ¶ 4 of the Complaint.

1

## VENUE

5. NCO denies the allegations in ¶ 5 of the Complaint for lack of knowledge or information sufficient to justify a belief as to the truth thereof.

6. NCO admits the allegations in ¶ 6 of the Complaint for venue purposes only.

## GENERAL ALLEGATIONS

7. NCO denies the allegations in ¶ 7 of the Complaint as stated. By way of further answer, NCO avers: (a) that on or about January 10, 2011, William Beaumont Hospital assigned to NCO for collection an account in the name of Cheryl M. Kennedy; (b) that from January 27, 2011 to February 15, 2011, NCO made calls to telephone numbers that William Beaumont Hospital provided to it as the phone numbers of Cheryl M. Kennedy; and (c) that NCO made no further calls on the account after February 15, 2011.

8. NCO denies the allegations in ¶ 8 of the Complaint for lack of knowledge or information sufficient to justify a belief as to the truth thereof. By way of further answer, NCO reiterates and reavers that NCO made calls to telephone numbers that William Beaumont Hospital provided to it as the phone numbers of Cheryl M. Kennedy.

9. NCO denies the allegations in ¶ 9 of the Complaint for lack of knowledge or information sufficient to justify a belief as to the truth thereof. By way of further answer, NCO reiterates and reavers that NCO made calls to telephone numbers that William Beaumont Hospital provided to it as the phone numbers of Cheryl M. Kennedy.

10. To the extent that the allegations in ¶ 10 of the Complaint allege that NCO made calls to a "Mr. Sochowicz," denies those allegations for lack of knowledge or information sufficient to justify a belief as to the truth thereof and reiterates and reavers that NCO made calls to telephone

2

numbers that William Beaumont Hospital provided to it as the phone numbers of Cheryl M. Kennedy. To the extent that the allegations in ¶ 10 allege that NCO made calls on certain dates and left certain messages, NCO admits those allegations, with the qualification that the calls were intended for Cheryl M. Kennedy.

11. NCO denies the allegations in ¶ 11 of the Complaint for lack of knowledge or information sufficient to justify a belief as to the truth thereof

12. NCO denies the allegations in ¶ 12 of the Complaint as stated. By way of further answer, NCO avers: (a) that on or about February 15, 2011 it received a call from an unidentified male, who refused to disclose his identity, and who asked why NCO was calling one of the numbers that NCO had received from William Beaumont Hospital as one of the phone numbers of Cheryl M. Kennedy; and (b) that NCO advised the unidentified male that it was calling the number in question for Cheryl M. Kennedy. Except as specifically admitted, NCO denies the allegations in ¶ 12.

13. To the extent that the allegations in ¶ 13 of the Complaint allege that Plaintiff has sustained damages, NCO denies those allegations for lack of knowledge or information sufficient to justify a belief as to the truth thereof. To the extent that the allegations in ¶ 13 allege that NCO committed violations of law, NCO denies violating the Fair Debt Collections Practices Act, 15 U.S.C. § 1692, *et seq.*, and denies any liability or wrongdoing under the law.

**COUNT I – FAIR DEBT COLLECTION PRACTICES ACT**

14. In response to the allegations in ¶ 14 of the Complaint, NCO incorporates the foregoing responses by reference thereto as if set forth fully at this point.

15. NCO denies the allegations in ¶ 15 of the Complaint as stated for lack of knowledge or information sufficient to justify a belief as to the truth thereof. By way of further answer, NCO

3

avers that when it acts as a debt collector as defined by 15 U.S.C. § 1692a(6), its conduct may be governed by the applicable provisions of that statute, and that when it made calls to the phone numbers it understood were the phone numbers of Cheryl M. Kennedy, from January 27, 2011 to February 15, 2011, it was acting as a debt collector. Except as specifically admitted, NCO denies the allegations in ¶ 15.

16. NCO denies the allegations in ¶ 16 of the Complaint as stated for lack of knowledge or information sufficient to justify a belief as to the truth thereof. By way of further answer, NCO avers that the William Beaumont Hospital account in the name of Cheryl M. Kennedy was a "debt" as that term is defined by the FDCPA. Except as specifically admitted, NCO denies the allegations in ¶ 16.

17. In response to the allegations in ¶ 17 of the Complaint, NCO admits that when it acts as a debt collector as defined by 15 U.S.C. § 1692a(6), its conduct may be governed by the applicable provisions of that statute. Except as specifically admitted, NCO denies the allegations in ¶ 17.

18. The allegations in ¶ 18 of the Complaint state a legal conclusion that requires no answer of NCO, but in an abundance of caution, NCO denies violating the Fair Debt Collections Practices Act, 15 U.S.C. § 1692, *et seq.*, and denies any liability or wrongdoing under the law.

19. To the extent that the allegations in ¶ 19 of the Complaint allege that Plaintiff has sustained damages, NCO denies those allegations for lack of knowledge or information sufficient to justify a belief as to the truth thereof. To the extent that the allegations in ¶ 19 allege that NCO committed violations of law, NCO denies violating the Fair Debt Collections Practices Act, 15 U.S.C. § 1692, *et seq.*, and denies any liability or wrongdoing under the law.

4

## AFFIRMATIVE DEFENSES

1. One or more of the Counts contained in the Complaint fail to state a claim upon which relief may be granted.

2. Pursuant to 15 U.S.C. § 1692k(c), to the extent that any violation is established, any such violation was not intentional and resulted from a bona fide error, notwithstanding NCO's maintenance of procedures reasonably adapted to avoid any such error.

3. To the extent that Plaintiff sustained actual damages proximately caused by NCO, which is expressly denied, Plaintiff has failed to mitigate those damages reasonably.

4. Any violation that may have occurred in this case, or any loss, injury, damage or detriment suffered by Plaintiff, was directly and proximately caused and contributed to by the breach, conduct, acts, omissions, activities, carelessness, recklessness, negligence, and/or intentional misconduct by Plaintiff, and not by NCO.

WHEREFORE NCO requests that this action be dismissed and that NCO be awarded costs and attorneys fees and any other appropriate relief.

Dated: March 21, 2011.                /s/ Deborah A. Lujan
                                      Deborah A. Lujan
                                      Michigan Bar No. P46990
                                      Collins, Einhorn, Farrell & Ulanoff, P.C.
                                      4000 Town Center, Suite 909
                                      Southfield, MI 48075
                                      Telephone: (248) 355-4141
                                      Facsimile: (248) 351-6011
                                      Deborah.Lujan@ceflawyers.com

                                      *Attorneys for Defendant,*
                                      *NCO Financial Systems, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify on this 21st day of March 2011, my secretary, Kyla Renee Wisdom, electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following email address:

gnitzkin@creditor-law.com

and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:  None

/s/ Deborah A. Lujan
Deborah A. Lujan
E-mail: Deborah.Lujan@ceflawyers.com